Cherry Operating LLC v CPS Fee Co. LLC (2023 NY Slip Op 02761)

Cherry Operating LLC v CPS Fee Co. LLC

2023 NY Slip Op 02761

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 652464/20 Appeal No. 292 Case No. 2022-02442 

[*1]Cherry Operating LLC, Plaintiff-Appellant,
v
CPS Fee Company LLC, Defendant-Respondent, Commonwealth Land Title Insurance Services LLC, Defendant.

Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Richard H. Dolan of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 19, 2022, which granted defendant CPS Fee Company LLC's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
As part of the consideration for a sale of property that ultimately became a mixed-use condominium, the parties entered into an option agreement under which plaintiff had the option to purchase a parking garage unit in the property upon receiving a parking availability notice from defendant. Once plaintiff received the notice, it had 45 days to exercise its option by sending defendant a parking election notice. Plaintiff informed defendant that it was exercising its right to purchase, but later declined to close the sale, asserting that defendant had breached the agreement by failing to provide the required legal documentation prepared in good faith. According to plaintiff, lack of good faith was shown by the fact the condominium's budget had inflated the parking garage unit's percent of the common charges owed and had misallocated the unit's common charges to salaries for various employees who would not actually provide services to the unit.
Defendant established prima facie entitlement to summary judgment because it demonstrated that plaintiff did not state a viable claim under the plain terms of the parties' option agreement. The option agreement provides that by delivering its notice of election to exercise the option, plaintiff was "deemed to have approved" the legal documentation that defendant had provided in connection with the sale, and was deemed to have agreed to accept and take title subject to that documentation (see e.g. Greenfield v Philles Records, Inc., 98 NY2d 562, 569 [2002]). Plaintiff cannot rely on the implied covenant of good faith and fair dealing to avoid the option agreement's terms or its deemed acceptance of the documentation provided, as the law is well-settled that "[n]o obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship" (Murphy v American Home Prods. Corp., 58 NY2d 293, 304 [1983]; see also Fiore Fin. Corp. v Gaea N. Am., LLC, 179 AD3d 621, 622 [1st Dept 2020]).
Additionally, plaintiff has failed to establish that it is entitled to additional discovery on the issue of defendant's bad faith in allocating excess common charges to the parking garage unit and that the motion was therefore premature under CPLR 3212(f). Although § 2.01(h) of the option agreement required defendant to prepare the legal documentation in good faith, the option agreement does not provide a mechanism for plaintiff to challenge allocation of the common charges or for the court to abate the purchase price simply because plaintiff believes that the charges were excessive (see Greenfield, 98 NY2d at 569-570).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: May 23, 2023